UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                         Case Nos. 1:16-cr-51

vs.

ERIC MICHAEL SCHUSTER,            District Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) VACATING THE COURT'S PRIOR ORDER STAYING THIS CASE (Doc. No. 108); (2) SETTING THIS CASE FOR A CHANGE OF PLEA HEARING ON NOVEMBER 19, 2025 AT 10:00 A.M. IN THE POTTER STEWART UNITED STATES COURTHOUSE, COURTROOM 2, ROOM 822, CINCINNATI, OHIO; (3) CONFIRMING THAT THE PARTIES' JOINT MOTION FOR A CHANGE OF PLEA HEARING (Doc. No. 106) AND THE GOVERNMENT'S MOTION FOR A CHANGE OF PLEA HEARING OR TRIAL SETTING (Doc. No. 109) REMAIN PENDING**

---

Previously in this felony criminal case, the parties filed a joint motion for a change of plea hearing. Doc. No. 106. The Government thereafter filed a notice documenting that Defendant had filed a petition for a writ of certiorari in the United States Supreme Court. Doc. No. 107.

On November 7, 2025, the Court stayed the parties' joint motion for a change of plea hearing based on the assumption that Defendant's pending cert. petition deprives this Court of jurisdiction and precludes further proceedings in this Court. Doc. No. 108. The Court also permitted the parties' counsel to brief the jurisdictional problem potentially created by Defendant's cert. petition. *Id*.

The next day the Government filed a motion for a change of plea hearing or trial setting, explaining Defendant's cert. petition does not deprive this Court of jurisdiction because the United States Court of Appeals for the Sixth Circuit denied Defendant's motion to stay its mandate. Doc. No. 109.

The Court agrees with the Government and finds persuasive *United States v. Sears*, 411 F.3d 1240 (11th Cir. 2005), the case the Government cites in support of its motion. *See* Doc. No. 109 at PageID 2234. In *Sears*, the Eleventh Circuit Court of Appeals held, "the fact that certiorari proceedings were going forth in the Supreme Court does not divest the district court of jurisdiction upon the issuance of our mandate remanding for resentencing, and does not vitiate the district court's resentencing order. In the absence of a stay, the proceedings in the district court were in no way improper." *Sears*, 411 F.3d at 1242.

Accordingly, the Court's prior Order staying this case is **VACATED**, and the instant case is **SET** for a change of plea hearing on **November 19, 2025 at 10:00 a.m.** in the Potter Stewart United States Courthouse, Courtroom 2, Room 822, Cincinnati, Ohio. The parties' joint motion for a change of plea hearing and the Government's motion for a change of plea hearing or trial setting remain **PENDING**.

**IT IS SO ORDERED.**

November 13, 2025  s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge